**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4003

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH ROGER MOULTRIE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Margaret B. Seymour, Senior District Judge. (5:17-cr-01138-MBS-1)

Submitted: April 16, 2021                    Decided: May 28, 2021

Before FLOYD and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Dayne C. Phillips, PRICE BENOWITZ LLP, Columbia, South Carolina, for Appellant. Peter McCoy, Jr., United States Attorney, Robert Frank Daley, Jr., Assistant United States Attorney, William Kenneth Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Roger Moultrie appeals from his convictions following a jury trial for two counts of possession with intent to distribute a quantity of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Moultrie argues that the district court erred by declining to sever the two-count indictment and by not requiring the Government to disclose the identity of its confidential informant. We affirm.

First, Moultrie asserts that the district court erred by declining to sever the two counts of the indictment. We review a district court's denial of a motion to sever for abuse of discretion. *United States v. Cannady*, 924 F.3d 94, 102 (4th Cir. 2019). Severance of properly joined offenses is appropriate if the defendant establishes that he would be prejudiced by the joinder. *See* Fed. R. Crim. P. 14(a). However, a defendant moving to sever counts in an indictment has the burden of demonstrating "a strong showing of prejudice," *United States v. Branch*, 537 F.3d 328, 341 (4th Cir. 2008) (internal quotation marks omitted), and "it is not enough to simply show that joinder makes for a more difficult defense," *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984). Accordingly, "the district court's denial of a motion to sever should be left undisturbed, absent a showing of clear prejudice or abuse of discretion." *Branch*, 537 F.3d at 341 (internal quotation marks omitted). Although the offenses occurred two years apart, they were violations of the same statute, the proof was not complex, and there is no reason to suspect that the jury was confused. After reviewing the record and relevant authorities, we conclude that the district court both gave a proper limiting instruction and did not abuse its discretion in declining to sever the two charges.

2

Next, we review for abuse of discretion the district court's decision to deny Moultrie's motion to compel disclosure of the confidential informant's identity. *United States v. Bell*, 901 F.3d 455, 466 (4th Cir. 2018). "What is usually referred to as the informer's privilege is in reality the [g]overnment's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). However, this privilege is qualified, and it "must . . . give way when the informant . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *United States v. Smith*, 780 F.2d 1102, 1107 (4th Cir. 1985) (en banc) (internal quotation marks omitted). To determine whether disclosure is warranted, a court must consider "the particular circumstances of [the] case," including the crime charged, the possible defenses, the possible significance of the informant's testimony, and any other relevant factors. *Roviaro*, 353 U.S. at 62.

Although disclosure ordinarily is not required "where the informant is neither a participant in the offense, nor helps set up its commission, but is a mere tipster who only supplies a lead to law investigating and enforcement officers," *McLawhorn v. North Carolina*, 484 F.2d 1, 5 (4th Cir. 1973), disclosure typically is required "where the informant is an actual participant, particularly where he helps set up the criminal occurrence," *id.* We have emphasized, however, that the proper focus is "not on the labels that may be attached to [an informant], but on [the] propriety of the district court's assessment of the [*Roviaro*] balance in light of the particular circumstances of the case." *United States v. Brinkman*, 739 F.2d 977, 981 (4th Cir. 1984) (internal quotation marks

3

omitted).  Here, the informant was not a participant in either of the charged drug sales.  We have thoroughly reviewed the record and conclude that disclosure of the confidential informant's identity was not required in this case.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*